The Attorney General has received your request for an opinion wherein you ask, in effect, the following questions: (1) If an applicant submits false information in applying for a life, accident and/or health agent's license, what penalties may be imposed on him both by the Insurance Commissioner and the criminal law? (2) If the insurer made no investigation of such applicant, what penalties may be imposed on it by the Insurance Commissioner and the criminal law? (3) If the insurer made an inadequate investigation, and did not discover false information which it reasonably should have discovered, what penalties can be imposed on it by the Insurance Commissioner and the criminal law? 36 O.S. 1404 [36-1404] (1971) is the statutory basis for submission of certain information by applicants for licenses to act as agents for life, accident and health insurance. 36 O.S. 1404 [36-1404], supra, provides as follows: "A. Each applicant for a license to act as an agent within this State shall file with the Commissioner his written application on forms furnished by the Commissioner. The application shall be signed and duly sworn to by the applicant. The prescribed form shall require the applicant to state his full name, residence, age, occupation and place of business for five years preceding date of the application; whether applicant has ever held a license to solicit life, or any other insurance in any state; whether he has been refused, or has had suspended or revoked a license to solicit life, or any other insurance in any state; what insurance experience, if any, he has had; what instruction in insurance and in the insurance laws of this state he has had or expects to have; whether any insurer or general agent claims applicant is indebted under an agency contract or otherwise, and if so, the name of the claimant, the nature of the claim and the applicant's defense thereto; whether applicant has had an agency contract canceled and, if so, when, by what insurer or general agent and the reasons therefor; whether applicant will devote all or part of his efforts to acting as an insurance agent, and, if part only, how much time he will devote to such work, and in what other business or businesses he is engaged or employed; whether, if applicant is a married woman, her husband has ever applied for or held a license to solicit life, or any other insurance in any state and whether such license has been re fused, suspended or revoked; and such other information as the Commissioner in its discretion may require. . . . . "B. The application shall be accompanied by a certificate on forms furnished by the Commissioner and signed by an officer or properly authorized representative of the insurer stating that the insurer has investigated the character and background of the applicant and is satisfied that he is trustworthy and qualified to act as its agent and to hold himself out in good faith to the general public as an agent and that the insurer desires that the applicant be licensed as an agent to represent it in this state. " 36 O.S. 1406 [36-1406] (1971) pertains to the issuance or refusal of a license by the Commissioner. This section provides in pertinent part: "If the Commissioner is satisfied that the applicant is trustworthy and competent and the applicant if required, has passed his written examination, a license shall be issued forthwith, limited to the insurer and kind or kinds of insurance for which the agent is to be appointed. If the applicant has not passed his written examination, or for any of the reasons set forth in 36 O.S. 1412 [36-1412], the Commissioner shall notify the applicant and the insurer in writing that a license will not be issued to him . . . ." 36 O.S. 1412 [36-1412] (1971), set forth in 36 O.S. 1406 [36-1406], supra, provides bases for refusal of such license. Said section wherein pertinent provides: "A. A license may be refused, or a license duly issued may be suspended or revoked or the renewal thereof refused by the Commissioner if, after notice and hearing as hereafter provided, he finds that the applicant "1. Has wilfully violated any provision of the insurance laws of this state; "2. Has intentionally made a material mis-statement in the application for such license; "3. Has obtained, or attempted to obtain, such license by fraud or misrepresentation; . . . ." (Emphasis added). Thus, upon plain reading of applicable statutes, the Commissioner is vested with authority to refuse, suspend or revoke a license for material misstatement in an application for said license. The Insurance Commissioner is vested with authority to refuse to issue or renew, revoke or suspend an insurer's certificate of authority to transact business within the State of Oklahoma on certain grounds pursuant to 36 O.S. 618 [36-618] — 36 O.S. 619 [36-619]. 36 O.S. 618 [36-618] [36-618], supra, provides that such action by the Insurance Commissioner is mandatory when required by any provision of the Insurance Code, or when an insurer no longer meets the requirements for authority originally granted due to deficiency in assets or otherwise. 36 O.S. 619 [36-619] [36-619], supra, provides for discretionary revocation or suspension, as follows: "The Insurance Commissioner may after a hearing refuse to renew, or may revoke or suspend an insurer's certificate of authority, in addition to other grounds therefor in this code, if the insurer: "1. Violates any provision of this code other than those as to which refusal, suspension, or revocation is mandatory. "2. Knowingly fails to comply with any lawful rule, regulation, or order of the Insurance Commissioner. "3. Is found by the Insurance Commissioner to be in unsound condition or in such condition as to render its further transaction of insurance in Oklahoma hazardous to its policyholders or to the people of Oklahoma. ". . . ." (Emphasis Added) Additionally, 36 O.S. 117 [36-117] (1971) makes provision for punishment of violations of the Code as a misdemeanor where no greater penalty has been prescribed. Such section is as follows: "In addition to any other penalty which may be applicable thereto, either under this code or otherwise, violation of any provision of this code shall constitute a misdemeanor and shall be punishable as such where no greater penalty is provided therefor." In view of the above and foregoing, it is the official opinion of the Attorney General that your questions should be answered as follows: (1) If an applicant submits false information which the Commissioner finds to be an intentional, material misstatement in applying for a life, accident and/or health agent's license, the Insurance Commissioner may refuse to issue, refuse to renew, revoke or suspend such license. In addition, such applicant may be charged with a misdemeanor for violation of the Insurance Code. (2) If the insurer made no investigation or made such an inadequate investigation as to constitute no investigation, as required by 36 O.S. 1404 [36-1404] (1971), the Insurance Commissioner, in his discretion, may after hearing, refuse to issue, refuse to renew, revoke or suspend the Certificate of Authority of said insurer. In addition, the insurer may be charged with a misdemeanor for violation of the Insurance Code. (3) If the insurer made an inadequate investigation and did not discover false information which it reasonably should have discovered, facts developed upon investigation and hearing may constitute grounds which would support refusal to issue, refusal to renew, revocation or suspension of such insurer's Certificate of Authority in the discretion of the Insurance Commissioner. (RICHARD F. BERGER) (ksg)